**Mahinder S. UBEROI, Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellee.**

No. 01–5389.

United States Court of Appeals, District of Columbia Circuit.

June 10, 2002.

Before RANDOLPH, TATEL, and GARLAND, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(b). It is

ORDERED AND ADJUDGED that the district court's judgment dated August 16, 2001 dismissing appellant's complaint be affirmed. Appellant failed to state a claim upon which relief could be granted. "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence

or other malfeasance in processing an employment discrimination charge." *Smith v. Casellas,* 119 F.3d 33, 34 (D.C.Cir.1997). Moreover, to the extent appellant sought a writ of mandamus under 28 U.S.C. § 1361, he did not satisfy the stringent requirements necessary for such a writ to issue. *See Northern States Power Co. v. Department of Energy,* 128 F.3d 754, 758 (D.C.Cir.1997) ("Mandamus is proper only if (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff.") (citations and internal quotation marks omitted).

Pursuant to D.C.Cir. Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.