**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 1 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

MAHINDER S. UBEROI,

        Plaintiff-Appellant,

v.

CITY OF BOULDER; K. YOKOMIZO-
BURTON; DON SPICELY;
GRETCHEN KING,

        Defendants-Appellees.

_____

MAHINDER S. UBEROI,

        Plaintiff-Appellant,

v.

HENRY F. ANTON; MAUREEN
JOHNSON EDIGER; SUSAN C. KIRK;
TOM LUCERO; JIM MARTIN;
NORWOOD L. ROBB; JERRY G.
RUTLEDGE; ROBERT SIEVERS;
PETER STEINHAUER; JOHN
BUECHNER; RICHARD BYYNY;
PHILLIP DISTEFANO; ROSS
COROTIS; MICHAEL LIGHTNER;
WILLIAM M. MARINE; THOMAS J.
NAPIERKOWSKI; ROBERT L.
LORCH; ROBLEY D. RHINE,

        Defendants-Appellees.

No. 02-1364
(D.C. No. 01-K-2151)
(D. Colo.)

No. 02-1365
(D.C. No. 02-K-301)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

These cases were consolidated on appeal because both were dismissed as a result of the enforcement of a permanent injunction prohibiting plaintiff/appellant Mahinder S. Uberoi from proceeding *pro se* as the proponent of any civil claim in the District of Colorado. *See Bd. of Regents v. Uberoi,* Nos. 89-1117, 89-1304, 89-1337 (10th Cir. May 25, 1990) (affirming issuance of permanent injunction) & (10th Cir. July 6, 1990) (modifying previous order and denying petition for rehearing). Mr. Uberoi urges reversal and vacation of the injunction. Because Mr. Uberoi has not demonstrated that the district court abused its discretion in refusing to vacate or modify the injunction, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. Appeal No. 02-1365

Appeal No. 02-1365 concerns Mr. Uberoi's continuing attempts to sue the University of Colorado and its officials and employees for what he perceives as unlawful discriminatory employment policies and practices occurring since 1963. In 1982 Mr. Uberoi first sued the University and sixty-four of its officials or employees individually for alleged violation of his civil rights in federal district court. This case was dismissed due to Mr. Uberoi's failure to comply with the court's orders regarding discovery, and attorney's fees were awarded to the University. We affirmed on appeal and on rehearing. In addition, between 1982 and 1985, he filed three actions in Colorado state courts against the University, its employees, and its attorneys, alleging civil rights violations, unlawful denial of records, and illegal detention and assault. In some of these cases, the court found the litigation to be frivolous and groundless and assessed attorney fees in favor of the University. In 1985 Mr. Uberoi also sued in federal court the state-court judge who had ruled against him on certain issues in one of these actions.

As a result of these and two other unrelated state-court suits in which the state court found that Mr. Uberoi had acted frivolously and vexatiously, the University's Board of Regents obtained an injunction in the Boulder County District Court in 1988 enjoining Mr. Uberoi from appearing *pro se* in actions he brought in that court. In 1989, the University sought and obtained a similar injunction in federal district court prohibiting Mr. Uberoi from proceeding *pro se* as the proponent of any civil claim. We thoroughly reviewed the basis of the

district court's ruling and agreed with its conclusion that a permanent injunction was necessary because "other procedural mechanisms to discourage meritless claims [had] proven unsuccessful" with him. *Bd. of Regents v. Uberoi,* No. 88-F-1323, slip. op. at 13 (Dist. Colo. Sept. 25, 1989) (order imposing permanent injunction).

Nevertheless, on February 14, 2002, Mr. Uberoi, proceeding *pro se*, filed the most recent suit against the University, once again asserting civil rights, employment discrimination, and Federal False Claims Act claims arising from acts allegedly occurring in the 1970's and 1980's. He also accused the Board of retaliating against him in February 2000 by unlawfully revoking his tenured teaching position for having filed the suits in the 1980's. *See* R. Doc. I at 3-19. When the Board moved for enforcement of the 1989 injunction and dismissal of the suit, Mr. Uberoi urged modification or vacation of the injunction. On August 8, 2002, the district court concluded that the injunction remained valid, gave Mr. Uberoi thirty days to retain counsel or risk dismissal of the case without further notice, and stayed all action in the case until further notice. Mr. Uberoi appealed from that ruling on August 12, 2002. On September 12, 2002, the district court granted Mr. Uberoi's request for a stay pending this court's ruling on appeal.

## II. Appeal No. 02-1364

In this case, on November 1, 2001, Mr. Uberoi filed a *pro se* complaint against the City of Boulder, two police officers, and the individual who made a

public nuisance complaint against Mr. Uberoi that ultimately resulted in the seizure and sale of an inoperable vehicle. He alleged constitutional and civil rights violations and sought declaratory and injunctive relief. Having become aware of the permanent injunction in the civil case against the University, the district court ordered Mr. Uberoi to show cause why his civil complaint against these defendants should not also be dismissed. Mr. Uberoi made the same arguments in both orders to show cause. The court enforced the injunction and warned Mr. Uberoi that the case would be dismissed without notice if he did not obtain counsel, and the case took the same procedural course as the case against the University, with the court granting a stay pending appeal on September 12, 2002.

### III. Appellate review

Although neither party addresses the issue, because no final judgment has been entered in either case, we must first determine whether we have jurisdiction over the appeals. *See McFarland v. Childers,* 212 F.3d 1178, 1183 (10th Cir. 2000). We conclude that the district court's orders in both appeals are appealable collateral orders. *See id.* The orders conclusively determine the disputed question of whether the injunction is enforceable; they resolve an important issue completely separate from the merits of the action; and the orders are effectively unreviewable on appeal from a final judgment because Mr. Uberoi's right to proceed *pro se* will be irretrievably lost in the absence of an immediate appeal.

*See id.* (listing attributes of appealable collateral order). "We review the district court's decision [whether] to modify an injunction under an abuse of discretion standard." *John Zink Co. v. Zink,* 241 F.3d 1256, 1260 (10th Cir. 2001).

## IV. Discussion

Mr. Uberoi argues that the injunction should have been vacated or modified because of changed circumstances. *See id.* (noting that "[d]istrict courts retain power to modify injunctions in light of changed circumstances") (further quotation omitted). The first alleged change of circumstances is that, after the injunction prohibiting his *pro se* prosecution of civil cases was entered, in an unpublished order, a different panel of the Tenth Circuit reversed a similar injunction against a *pro se* plaintiff in an unrelated suit. The panel did so based on its conclusion that the filing restriction in that case should have been less broadly tailored.

Whether an injunction is properly tailored depends on the facts of that particular situation, *see Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and, although unusual, we have never held that an order prohibiting a particular plaintiff from proceeding *pro se* in a civil case is too broad as a matter of law. Further, in the unpublished order cited by Mr. Uberoi, we noted that the particular plaintiff's history and reputation of suing his and others' lawyers, coupled with his financial situation, could foreclose his access to the courts altogether if the court applied a blanket prohibition to proceeding *pro se.* Mr. Uberoi has failed to

show similar facts in his case. Further, neither we nor the district court are bound by an unpublished ruling regarding a fact-specific determination in an unrelated case. *See* 10th Cir. R. 36.3(A).

The district court imposed the injunction in 1989 in part because it noted that the suit brought against Judge Richtel had been dismissed. Claims for monetary damages were dismissed on grounds of judicial immunity and for failure to state a claim; claims for injunctive relief were dismissed as moot because it was unlikely that Mr. Uberoi would appear before that judge again. *Uberoi v. Richtel,* Nos. 87-2635, 89-1185, slip op. at 2 (10th Cir. Feb. 7, 1990) (affirming dismissal of action). Mr. Uberoi argues that circumstances have changed because, as it turned out, he ended up appearing before that judge years later. This fact, however, does not obviate the conclusion that his other claims were lacking in legal and factual foundation.

Nor does the allegation that the Colorado legislature amended the Open Records Act as a result of Mr. Uberoi's lobbying efforts affect the propriety of the district court's decision not to modify the injunction. Finally, the fact that all defendants in a state case against the City of Boulder allegedly offered money judgments to Mr. Uberoi, which he allegedly accepted, does not mean that the case had a proper or valid legal foundation or that Mr. Uberoi "prevailed" in his legal arguments as a matter of law. The district court considered these arguments and concluded that the injunction should still stand. In doing so, it did not abuse

its discretion, especially in light of the fact that the new suit against the Board of Regents attempted to relitigate old claims.

Mr. Uberoi also argues that circumstances have changed because one of the bases of imposing the injunction was that he had not paid sanctions against him, and those sanctions have now been paid. That fact alone, however, does not entitle Mr. Uberoi to a lifting of the injunction. Reviewing the record, we conclude that the district court did not err in holding that the permanent injunction should remain valid.

Mr. Uberoi's attempts to relitigate the propriety of the injunction by arguing that it was unjustified in the first place are foreclosed by the doctrine of collateral estoppel. *See Harrison v. Eddy Potash, Inc.,* 248 F.3d 1014, 1022 (10th Cir.) (setting forth elements of collateral estoppel), *cert. denied*, 534 U.S. 1019 (2001). Mr. Uberoi makes many arguments that we addressed over ten years ago when we affirmed issuance of the permanent injunction, and we will not revisit them here. We also note that Mr. Uberoi recently filed a frivolous suit against the EEOC in the United States District Court for the District of Columbia. *See Uberoi v. EEOC*, No. 01-5389, slip op. at **1 (D.C. Cir. June 10, 2002) (affirming dismissal of complaint for failure to state a claim and noting that Mr. Uberoi had also filed an unsuccessful petition for writ of mandamus), *cert. denied*,123 S. Ct. 1649 (U.S. Mar. 31, 2003). We conclude that Mr. Uberoi's access to the courts has not been unlawfully or unreasonably obstructed by reason

of the permanent injunction.

The United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Robert H. Henry
Circuit Judge