76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shane A. SOOFI, Plaintiff-Appellant,
v.
KFC NATIONAL MANAGEMENT COMPANY, Defendant-Appellee.
 No. 94-6268.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1996.
 
 Before: LIVELY, NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Shane A. Soofi appeals the district court's grant of summary judgment for defendant on plaintiff's employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. Plaintiff contends that the district court erred in declining to hold that Title VII's ninety-day filing period, 42 U.S.C. § 2000e-5(f)(1), and the one-year statute of limitations for suits filed under 42 U.S.C. § 1981[1] were subject to equitable tolling. We REVERSE and REMAND for a determination of whether equitable tolling should attach in this case.
 
 I.
 
 2
 Soofi filed an Equal Employment Opportunity Commission ("EEOC") complaint against defendant KFC National Management Company ("KFC") in November 1991, alleging that he was harassed, disciplined, and demoted because of his race and national origin. He received his right to sue letter on November 27, 1991.
 
 
 3
 Soofi filed suit in district court on February 27, 1992, averring that he was discriminated against on the basis of his race and national origin, and in retaliation for having previously filed a charge of discrimination with the EEOC. Subsequently, Soofi claimed that he was experiencing psychological problems, and submitted a proposed Order of Dismissal Without Prejudice Subject to Conditions. The district court entered the order, in which Soofi agreed to the dismissal of his suit,
 
 
 4
 subject only to the condition and stipulation that plaintiff will not refile or recommence this action until such time as he has been fully released from the care of his physicians, psychiatrists and psychologists and can submit to this Court certification that he is medically fit to pursue his action.
 
 
 5
 (October 30, 1992 Order of Dismissal.) Soofi had been discharged from a psychiatric hospital at this point, but was under the care of a psychiatrist. Soofi filed the instant action on April 1, 1993, incorporating the lawsuit subject to the October 30, 1992 Order of Dismissal. KFC filed a motion for summary judgment on May 13, 1994, on the ground that Soofi had not filed his complaint within ninety days of his receipt of a right to sue letter, as required for his Title VII claim, or within one year of the alleged discrimination, as required for his § 1981 claim. Soofi responded that he had filed a timely complaint which was dismissed subject to the condition that he would not recommence the action until he was medically fit to pursue it. The more recent complaint, Soofi argued, was intended as the recommencement contemplated by that order. Under these circumstances, Soofi contended, equitable tolling should apply. The district court granted KFC's motion, relying on the principle that the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII. Wilson v. Grumman Ohio Corp., 815 F.2d 26, 28 (6th Cir.1987). The district court noted that the Order of Dismissal did not purport to extend the statutory filing period for the Title VII and § 1981 claims, and that because KFC did not make any affirmative misrepresentations that caused Soofi to delay filing his claim, there was no basis for equitable tolling.
 
 II.
 
 6
 We review de novo whether equitable tolling is appropriate. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Equitable tolling generally will not excuse the failure to comply with procedural time requirements where the complainant does not diligently pursue his remedies. Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).
 
 
 7
 In its Order of Dismissal, the district court relied on Wilson for the proposition that the dismissal without prejudice of an earlier lawsuit does not toll the filing period of a Title VII action unless a defendant has made affirmative misrepresentations causing the plaintiff to delay filing his claim. The district court did not consider the effect of its dismissal order as a circumstance potentially weighing in favor of equitable tolling. Instead, the district court employed a per se approach whereby equitable tolling cannot apply in the absence of affirmative misrepresentations by a defendant causing a plaintiff to delay filing. On appeal, Soofi disputes the per se approach used by the district court and notes that there are other limited circumstances in which courts may consider equitable tolling. Wilson, 815 F.2d at 28-29. Specifically, Soofi contends that the filing periods for his claims should have been equitably tolled because the original complaint was timely filed, the district court's order implied that the filing periods for his claims would be tolled, and Soofi relied upon the language of the order.
 
 
 8
 Although equitable tolling is most frequently granted in cases where affirmative misconduct by the employer causes the employee to miss a deadline, this court has stated that "courts have not hesitated to at least consider and in some circumstances to apply equitable tolling principles in contexts in which the employer's conduct has not caused the employee to delay in pursuing his claim." Fox v. Eaton Corp., 615 F.2d 716, 718 (6th Cir.1980), cert. denied, 450 U.S. 935 (1981).
 
 
 9
 Equitable tolling has been applied where plaintiffs reasonably relied on a court order allowing them thirty days to file a new motion for class certification. Andrews v. Orr, 851 F.2d 146, 151-52 (6th Cir.1988). In Andrews, the court listed certain factors as pertinent in determining whether equitable tolling is available: the lack of actual or constructive notice of the filing requirements, the reasonableness of the plaintiff's ignorance of the requirements, the plaintiff's diligence in pursuing his claim, any prejudice to the defendant, and notice to the defendant of potential liability. Id. at 151.
 
 
 10
 The instant case is similar to Andrews, in that Soofi may have reasonably relied on the district court's order in delaying the refiling of his claim. The district court's order dismissed the case without prejudice and was subject to the condition that Soofi would not refile until his medical condition improved sufficiently. Arguably, the order implied that the filing periods for Soofi's claims would be tolled for a reasonable time while he received treatment for his alleged illness.
 
 
 11
 The district court did not make any factual findings with respect to whether Soofi had recovered sufficiently to bring his claims under the terms of the order. Nor did the district court make any findings as to whether Soofi reasonably relied on the order in delaying the refiling of his claim to the extent that equitable tolling should apply under the factors stated in Andrews. We express no opinion on whether Soofi still has a cause of action, but we disagree with the per se approach used by the district court. We therefore remand for factual findings on these issues.
 
 III.
 
 12
 For the foregoing reasons, we REVERSE the order of the district court and REMAND for a determination of whether equitable tolling is appropriate in this case.
 
 
 13
 DAVID A. NELSON, Circuit Judge, dissenting.
 
 
 14
 In his brief opposing KFC's motion for summary judgment, Mr. Soofi told the district court that the question to be decided was this: "Whether the ninety day statute of limitation ... was tolled by the filing of the initial lawsuit...." Our decision in Wilson v. Grumman Ohio Corp., 815 F.2d 26 (6th Cir.1987), as I read it, requires that the question posed by Mr. Soofi be answered "no."
 
 
 15
 In Wilson a timely-filed complaint had been dismissed without prejudice after the ninety-day filing period had run. "[W]e hold," the Wilson panel declared, "that the filing of the original complaint did not toll the ninety day period at all...." Id. at 27. This holding meant, the panel said, that the plaintiff in Wilson was "already out of time" when the original complaint was dismissed. Id.
 
 
 16
 On October 30, 1992, similarly, when Mr. Soofi's original complaint was dismissed, Mr. Soofi was "already out of time" insofar as a new complaint based on the administrative charge filed in November of 1991 was concerned. There was a second administrative charge, however, as to which the EEOC did not issue a right-to-sue letter until July 21, 1992. Depending on when Mr. Soofi received that letter, it is possible that on October 30, 1992, there was still at least a short period of time in which he could have commenced a lawsuit based on the second administrative charge. But he failed to do so, notwithstanding that he was represented by counsel and notwithstanding that the July 21 letter told him, in a sentence capitalized for emphasis, that he could "ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT ... WITHIN 90 DAYS OF ... RECEIPT OF THIS LETTER."
 
 
 17
 If Mr. Soofi was mentally ill during the ninety-day period following receipt of the second right-to-sue letter, there is no reason to suppose that his lawyer could not have filed a timely complaint on his behalf. The first complaint was filed on time, after all, notwithstanding that Mr. Soofi was complaining of depression and various psychological and physical problems as early as December 1991. (See Mr. Soofi's affidavit of December 12, 1991, marked as Exhibit 19 in the Soofi deposition of August 3, 1993.) This situation cannot be distinguished, in any meaningful way, from that presented in Lopez v. Citibank, N.A., 808 F.2d 905 (1st Cir.1987), where, in an opinion written by Judge Breyer, the First Circuit affirmed a refusal to toll the statute.
 
 
 18
 We can only speculate as to why the dismissal order presented to Judge McCalla in October of 1992 said, as it did, that "this matter is hereby dismissed, without prejudice, but subject to conditions, in that plaintiff will not recommence his action until such time as he can present medical certification ... that he is medically able to prosecute said action in a timely manner and consistent with the Court's orders."[1] The quoted language appears to reflect an understanding that a new lawsuit would not necessarily be time-barred. Perhaps counsel assumed the existence of a federal "saving statute" comparable to Tenn.Code Ann. § 28-1-105. (Like the saving statutes of many other states, the Tennessee statute provides that if a judgment is rendered against the plaintiff other than on the merits in an action that was timely commenced, the plaintiff may bring a new action within one year of the judgment.) Congress has enacted no such statute for the federal system, however, and this court obviously has no authority to do so.
 
 
 19
 Or perhaps counsel contemplated the filing of an administrative charge of retaliatory discharge, with a lawsuit to follow if the EEOC issued a right-to-sue letter on such a charge. In March of 1993 Mr. Soofi did, in fact, file an administrative discrimination charge alleging that KFC had discharged him on September 15, 1992, in retaliation for the filing of the previous discrimination charges. A right-to-sue letter was issued on April 13, 1993--subsequent to the filing of the second complaint in federal court--but the second complaint was never amended, and no new complaint was ever filed.
 
 
 20
 Whatever the reason may have been for the wording of the dismissal order, it seems clear that Mr. Soofi's complaint was in fact dismissed on October 30, 1992. As a matter of law, the dismissal left the situation "the same as if the suit had never been brought." See Wilson, 815 F.2d at 27. Against this background, and Mr. Soofi having failed to establish any factual predicate for tolling the relevant statutes of limitation,[2] I believe that the district court was required to grant KFC's summary judgment motion in the second lawsuit. My colleagues on the panel having seen the matter differently, I respectfully dissent.
 
 
 
 [1]
 The one-year statute of limitations provided at Tenn.Code Ann. § 28-3-104(a)(3) (Michie Supp.1994) applies to actions brought pursuant to 42 U.S.C. § 1981 in Tennessee. Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir.1992)
 
 
 [1]
 It is not the dismissal that is subject to conditions, as I read the order. What is conditional, rather, is the provision that the dismissal be "without prejudice." Absent proper certification, the dismissal was apparently intended to operate as one with prejudice
 
 
 [2]
 The brief that Mr. Soofi filed in the district court in response to the summary judgment motion stated that as of October 30, 1992,
 "Plaintiff was unable to prosecute his cause of action because he was still suffering the effects of the trauma caused by defendant's discriminatory conduct (See Treatment Summary and Status Report submitted by Dr. Martha Foschini, attached hereto and made a part hereof as Exhibit C; Affidavit of Shane Soofi attached hereto and made a part hereof as Exhibit D[) ]."
 Neither Dr. Foschini's report nor Mr. Soofi's affidavit has been included in the record transmitted to us by the district court. If these documents were nonetheless filed, and if they showed that Mr. Soofi was temporarily incapable of proceeding to trial, the fact remains that Mr. Soofi's lawyer never sought a stay of the original lawsuit or a postponement of trial, as far as has been shown. What he sought--and what he obtained--was a dismissal.