

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2005

# Hammer v. Cardio Med Prod Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2723

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hammer v. Cardio Med Prod Inc" (2005). *2005 Decisions*. Paper 1168.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1168

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2723
_____

NANCY HAMMER,

Appellant

v.

CARDIO MEDICAL PRODUCTS, INCORPORATED

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-00564)
District Judge: Honorable William L. Standish

_____

Submitted Under Third Circuit LAR 34.1(a)
May 10, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed: May 18, 2005 )

_____

OPINION
_____

PER CURIAM

Nancy Hammer was employed as a sales representative by Cardio Medical

Products, Inc. ("Cardio Medical") until her employment was terminated on March 22,

1999. On October 24, 2000, Hammer filed a charge of sex and age discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Hammer a Dismissal and Notice of Rights, notifying her: "Your charge was not timely filed with the Commission, i.e., you waited too long after the date(s) of the discrimination you alleged to file your charge."

On March 26, 2001, Hammer filed the underlying pro se complaint in the United States District Court for the Western District of Pennsylvania pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Cardio Medical responded to the complaint by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In its motion to dismiss, Cardio Medical argued that Hammer had failed to timely exhaust her administrative remedies and that she was not entitled to equitable tolling of the 300-day limitations period. The Magistrate Judge assigned to the case agreed and recommended that the motion to dismiss be granted. Hammer filed untimely objections to the report and recommendation, which were stricken by the Magistrate Judge on May 22, 2002. On May 31, 2002, the District Court adopted the report and recommendation and dismissed Hammer's complaint. Hammer then filed a "notice of appeal" to the District Court from the Magistrate Judge's May 22, 2002 order, which was denied by the District Court on June 6, 2002. Hammer timely appealed the May 31 and June 6 orders of the District Court.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of

2

review of the District Court's dismissal under Rule 12(b)(6) is plenary. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). "We must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and we must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

In a deferral state, such as Pennsylvania, a plaintiff is required to file a Title VII or ADEA charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); see also Watson v. Eastman Kodak Co., 235 F.3d 851, 854 (3d Cir. 2000). There is no dispute that Hammer failed to file her charge with the EEOC within this time frame. The record shows that Hammer was fired by Cardio Medical on March 22, 1999. Hammer did not file her charge with the EEOC until October 24, 2000, 581 days after the limitations period had started. Consequently, Hammer's charge was clearly untimely.

It is well-established, however, that a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to filing suit under Title VII or the ADEA. Rather, it is a requirement more in the nature of a statute of limitations which is subject to equitable tolling. See Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir. 1997); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1392 (3d Cir. 1994). Equitable tolling may be appropriate where a plaintiff has "been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). Likewise, equitable tolling may

3

apply "where the employer's own acts or omissions have lulled the plaintiff into foregoing prompt attempts to vindicate [her] rights." Bonham v. Dresser Indus., Inc., 569 F.2d 187, 193 (3d Cir. 1977); see also Oshiver, 38 F.3d at 1388 (noting that "the fundamental rule of equity that a party should not be permitted to profit from its own wrongdoing" is the "basic principle" underlying the equitable tolling doctrine). Hammer bears the burden of proving that the equitable tolling doctrine applies. See Courtney, 124 F.3d at 505.

Anticipating that the District Court would conclude that her EEOC charge was untimely, Hammer asserted two grounds for equitable tolling in her complaint. First, Hammer alleged that she was entitled to equitable tolling because, after she was fired, four of her loved ones passed away unexpectedly. We agree with the District Court that, while the events alleged by Hammer are tragic, they do not justify tolling the 300-day limitations period, particularly where Hammer did not file her charge until 281 days after the limitations period had expired. See, e.g., Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997). Second, Hammer alleged that equitable tolling was appropriate because Cardio Medical failed to post any information concerning her statutory rights under Title VII or the ADEA. The District Court rejected this argument, concluding that "even if" Cardio Medical had "failed to post notices in its offices concerning employees' rights under Title VII and the ADEA," it could not equitably toll the 300-day limitations period.

Employers are required to post in "conspicuous places" notices of fair employment practices, including descriptions of pertinent provisions of Title VII and the ADEA. 42

4

U.S.C. § 2000e-10(a) and 29 U.S.C. § 627. We have stated that equitable tolling may apply if the plaintiff can demonstrate "excusable ignorance" of her statutory rights, where, for instance, her employer has failed to post the required notices. Kale v. Combined Ins. Co., 861 F.2d 746, 752-53 (1st Cir. 1988). This is a fact-intensive test involving several "equitable factors." Id. Here, Hammer has averred that she was unaware of her rights until July 29, 2000 when she first obtained knowledge of these rights from a friend. Thus, she asserts the failure to post as a ground for tolling and, accordingly, the District Court should give her the opportunity to demonstrate the existence of these factors. Bonham v. Dresser Indus. Inc., 569 F.2d 187, 193 (3d Cir. 1977).

Accordingly, we will vacate the District Court's May 31, 2002 order, and remand this matter to the District Court for further proceedings consistent with this opinion and Bonham.[1]

---

[1] Because a remand is necessary, we need not consider whether the District Court abused its discretion in denying Hammer's "notice of appeal" from the Magistrate Judge's May 22, 2002 report and recommendation.