# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 18, 2006      Decided October 31, 2006

No. 05-5304

JOHN D. NORMAN,
APPELLANT

v.

UNITED STATES OF AMERICA AND
ERIE INSURANCE GROUP,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 04cv01208)

———

*John S. Kearns* argued the cause and filed the brief for appellant.

*Beverly M. Russell*, Assistant U.S. Attorney, argued the cause for appellees. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Michael J. Ryan*, Assistant U.S. Attorney, entered an appearance.

Before: RANDOLPH and TATEL, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, Circuit Judge: After appellant filed suit in the Superior Court of the District of Columbia seeking damages for injuries suffered in a car accident, the United States, acting pursuant to the Federal Tort Claims Act, removed the case to federal court because the car's driver was a federal employee acting within the scope of his employment at the time of the accident. By the time the case was removed, however, the FTCA's two-year statute of limitations had expired. Accordingly, the district court, declining to equitably toll the statute of limitations because appellant had failed to make reasonably diligent efforts to discover the driver's employer, dismissed the complaint. We affirm.

## I.

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, requires individuals with certain types of tort claims against the United States to present those claims to the appropriate agency and then to file suit within two years of the events giving rise to the claims. 28 U.S.C. §§ 2401(b), 2675(a). Pursuant to a 1988 amendment to the FTCA, known as the Westfall Act, Pub. L. No. 100-694, 102 Stat. 4563 (codified as amended at 28 U.S.C. §§ 2671, 2674, 2679), tort claims filed in state courts against federal employees acting in the scope of their employment "shall be removed . . . by the Attorney General to the district court of the United States [where the action is pending] . . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). A plaintiff whose state suit is removed after the FTCA's two-year statute of limitations has expired may still maintain the claim if "(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate

Federal agency within 60 days after dismissal of the civil action." *Id.* at § 2679(d)(5). Put differently, removed claims are barred when the plaintiff fails to file suit in state court within the FTCA's two-year statute of limitations, although some courts—and this is the issue we face here—have allowed such claims to proceed by equitably tolling the statute of limitations. *See, e.g., Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700-02 (6th Cir. 1994).

On January 4, 2001, while crossing a street in the District of Columbia, Appellant John Norman was struck and seriously injured by a rental car driven by Earnest Howe. Shortly thereafter, acting through his attorney, Norman filed a worker's compensation claim and wrote Howe's insurance provider, USAA Insurance Company ("USAA"), declaring his intent to pursue a tort claim. In response, USAA sent claim forms to Norman's attorney, instructing him to send all correspondence, medical bills, and records directly to it. After submitting the claim forms, Norman received $2,500 from USAA—the company's maximum coverage for lost wages. At the same time, Norman's attorney received a letter reiterating USAA's earlier requests and asking him to update the company about Norman's health status and to send it any additional information about the injury claim.

Almost two and a half years later, on December 8, 2003, well after the two-year FTCA statute of limitations had expired, USAA sent another letter to Norman's attorney informing him that at the time of the accident Howe worked for the Environmental Protection Agency and was acting within the scope of his employment. The letter recommended that Norman file a claim with EPA. Attached was an earlier letter from USAA to EPA dated November 21, also sent after the statute of limitations had expired, informing the agency that it was "previously advised of a possible exposure in this

matter." Appellant's Opp'n to Mot. for Summ. Affirmance, Ex. 4.

On December 22, thirteen days before the expiration of the District of Columbia's three-year statute of limitations for personal injury actions, D.C. Code § 12-301(3), Norman sued Howe in D.C. Superior Court. Acting pursuant to the Westfall Act, the United States removed the case to the United States District Court for the District of Columbia and substituted itself as defendant. The government then moved to dismiss the case as time barred because Norman had failed to file his superior court lawsuit within the FTCA's two-year statute of limitations. After Norman filed his opposition and the government its reply, the district court directed Norman to file a sur-reply by January 28, 2005, and scheduled a status hearing for several days later. After Norman's counsel neither filed the sur-reply nor appeared at the status hearing, the district court dismissed the case "without prejudice to a motion for reconsideration" filed by February 14. *Norman*, No. 04-cv-01208, Minute Order (D.D.C. Jan. 31, 2005) (capitalization omitted). Norman's attorney missed that deadline as well.

A month later, claiming that his failure to abide by the court's deadlines was attributable to his unfamiliarity with electronic case filing, Norman's lawyer filed a "Motion to Reconsider and to Reinstate Complaint," under Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows a court to grant relief from an adverse judgment if there was "mistake, inadvertence, surprise, or excusable neglect." To obtain Rule 60(b) relief, movant must give the district court "reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995). In opposition to Norman's Rule 60(b)(1) motion, the government argued that Norman's

failure to exhaust administrative remedies with the EPA or to file his lawsuit within the FTCA's statute of limitations made his claim futile.

On July 11, the district court denied Norman's Rule 60(b)(1) motion and dismissed the case with prejudice. *Norman v. United States*, 377 F. Supp. 2d 96, 101 (D.D.C. 2005). Although the court ruled that counsel's failure to file a sur-reply, to attend the status hearing, and to file his motion for reconsideration on time constituted "excusable neglect" within the meaning of Rule 60(b)(1), it nonetheless denied the motion because Norman failed to make a case for equitably tolling the statute of limitations, leaving him with no "underlying meritorious claim." *Id.* at 99-101 (citing *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986)). In reaching this conclusion, the court relied on a decision from the Northern District of Mississippi, *Bryant v. United States*, 96 F. Supp. 2d 552 (N.D. Miss. 2000), in which the district court declined to toll the statute of limitations because the plaintiff, injured in a car accident, failed to investigate the defendant's employment status during the two years following the accident. *Id*. at 555. *Bryant*'s reasoning, the district court here held, "applies with even greater force in this case" because "[w]hile federal employees may not be especially plentiful in Indianola, Mississippi, they certainly are in Washington, D.C. and its metropolitan area." *Norman*, 377 F. Supp. 2d at 101. Given that Norman failed "to act with reasonable diligence to determine, within the limitations period, the circumstances surrounding his case that may limit the causes of action available to him," the district court declined to equitably toll the statute of limitations. *Id.* Absent tolling, Norman's failure to exhaust his administrative remedies deprived the district court of jurisdiction, making him ineligible for Rule 60(b)(1) relief.

## II.

In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 93-96 (1990), the Supreme Court held that federal statutes of limitations are not jurisdictional. The Court also held that, "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Id.* at 95-96. *See also Chung v. U.S. Dep't of Justice*, 333 F.3d 273, 276-77 (D.C. Cir. 2003). Acknowledging that equitable tolling principles are far from clear, the Supreme Court observed that courts have extended this relief "only sparingly" and have generally denied it where a plaintiff "failed to exercise due diligence in preserving his legal rights" or showed only "a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 96. Courts have more willingly granted equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id*. (footnote omitted). We too have allowed equitable tolling, but "only in extraordinary and carefully circumscribed circumstances," *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988)), such as where "despite all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of her claim." *Id.* at 579. We have never squarely addressed whether equitable tolling applies to the FTCA's statute of limitations, and we need not do so here, for Norman has failed to meet the due diligence requirement for equitable tolling. *Cf. Thomas v. U.S. Parole Comm'n*, No. 03-5289, 2004 WL 758966 (D.C. Cir. April 7, 2004) (assuming without deciding that equitable tolling applies to FTCA).

In support of his argument that he exercised due diligence, Norman emphasizes that he filed suit within the District of Columbia's three-year statute of limitations. If that were enough for equitable tolling, however, the FTCA's statute of limitations would have no bite. Plaintiffs injured in the District of Columbia or in any other jurisdiction where the statute of limitations is longer than two years could evade the FTCA statute by filing within the period prescribed by the state statute. Congress expressly rejected this proposition in the Westfall Act, which allows timely filed state-court tort claims removed to federal court to proceed only if the state-court action was filed within the FTCA's two-year statute of limitations. 28 U.S.C. § 2679(d)(5).

Norman next argues that he exercised due diligence because immediately following the accident he filed a worker's compensation claim with his employer and a liability claim with USAA. But Norman failed to present the worker's compensation claim and the relevant USAA letters to the district court. *See Goland v. CIA*, 607 F.2d 339, 371 (D.C. Cir. 1978) (noting that an appellate court cannot consider new evidence that parties failed to introduce in the district court). Moreover, nothing in either the claim or the letters demonstrates the due diligence necessary for equitable tolling. At a minimum, due diligence requires reasonable efforts to learn the employment status of the defendant. *See, e.g.*, *T.L.* ex rel. *Ingram v. United States*, 443 F.3d 956, 964 (8th Cir. 2006) (no due diligence where plaintiff failed to inquire into employment status of her doctor, who made no attempt to conceal his federal employee status); *Gonzalez v. United States*, 284 F.3d 281, 291-92 (1st Cir. 2002) (same); *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 744 (4th Cir. 1990) ("[P]laintiffs have an affirmative duty to inquire as to the legal identity of the defendant."). Neither the worker's compensation claim nor the liability claim indicates

Norman or his attorney made any efforts prior to the expiration of the FTCA's two-year statute of limitations—much less reasonably diligent efforts—to discover Howe's employer. The liability claim could have provided evidence of due diligence had Norman not waited until the last minute to file his lawsuit and, notwithstanding reasonable discovery, failed to learn that Howe worked for EPA.

Next, Norman argues the district court should have equitably tolled the statute of limitations because his failure to file suit within the limitations period was the insurance company's fault. "[T]he insurance carrier," he argues, ". . . failed to timely notify [Norman] that Mr. Howe was working for the EPA at the time of the accident, and that [Norman's bodily injury claim] must be filed against the EPA under FTCA." Appellant's Br. 6. According to Norman, USAA compounded the error "by advising [Norman's] counsel in writing that Mr. Howe was a 'USAA member' and by paying first party no fault personal injury protection benefits of $2,500.00 to [Norman]." *Id*. But USAA's payment to Norman simply fulfilled its obligations under state law; the company had no obligation either to inform Norman of Howe's status or to instruct him about where to file his claim. It is the plaintiff who must exercise due diligence, not the defendant or the defendant's insurance company. Norman insists he and his lawyer "were induced by [USAA] into allowing the filing deadline under FTCA to pass," and USAA "[c]onveniently" notified Norman of Howe's employment status after the expiration of the statute of limitations, too late, "as USAA knew," to help Norman. Appellant's Br. 12-13. Nothing in the record supports these allegations, however, and Norman points to no evidence suggesting either that USAA learned of Howe's employment status prior to the expiration of the statute of limitations or that the conversation referenced

in the November 21 letter to EPA occurred prior to that time. *Supra* pp. 3-4. Even had USAA deliberately withheld information about Howe's employment status, that would not help Norman since he seeks equitable tolling against the government, not against USAA.

Norman argues that in order to obtain equitable tolling, "Claimants . . . should only be required to prove that the information [about federal employee status] was not provided timely and that the Claimant was prejudiced as a result." Appellant's Br. 7. Neither USAA nor the federal government, however, had any obligation to inform Norman of Howe's employment status. *See Gould*, 905 F.2d at 745. Moreover, if prejudice were enough, then equitable tolling would no longer be restricted to "extraordinary and carefully circumscribed circumstances," *Smith-Haynie*, 155 F.3d at 580, because missing a statute of limitations, by definition, always causes prejudice.

Finally, Norman relies on three decisions from other circuits. But two of the cases—*Hammer v. Cardio Medical Products, Inc.*, No. 02-2723, 2005 WL 1163431 (3d Cir. May 18, 2005) and *Soofi v. KFC National Management Co.*, No. 94-6268, 1996 WL 28962 (6th Cir. Jan. 24, 1996)—are improperly cited unpublished opinions. Under this court's rules, parties may cite unpublished opinions of other courts of appeal only in accordance with the rules of those courts. D.C. Cir. R. 28(c)(2). In violation of Third Circuit Rule 28.3(a), Norman failed to include *Hammer*'s docket number and date, and in violation of Sixth Circuit Rule 28(g), he failed to attach a copy of *Soofi* to his brief.

In any event, neither *Hammer* nor *Soofi* nor the Sixth Circuit decision in *Glarner v. U.S. Department of Veterans*

*Administration* provides Norman with any help. In *Glarner* and *Hammer*, the courts indicated that equitable tolling was or might be available because defendants misled pro se plaintiffs. Specifically, in *Glarner* the court tolled the statute of limitations because the Department of Veterans Administration, in violation of its own regulations, gave the pro se plaintiff the incorrect form on which to file a medical malpractice complaint. 30 F.3d at 701-02. And in *Hammer* the court remanded to the district court to consider equitable tolling because the employer failed to post statutorily required notices, leaving the plaintiff unaware of her rights. 2005 WL 1163431 at *2-*3. By contrast, Norman was represented by counsel from the outset and points to no evidence that EPA misled him about Howe's employment status, much less that the agency learned of the accident and Howe's role in it during the two-year statutory period. In the third case, *Soofi*, the Sixth Circuit suggested that equitable tolling might be appropriate for a plaintiff who, having timely filed his original complaint, relied on a court order suggesting that the filing period would be tolled until his health improved. 1996 WL 28962 at *2-*3. Because Norman waited until after the expiration of the FTCA's statute of limitations to file his superior court action, there was no court that could have misled him during the limitations period.

For all of these reasons, we agree with the district court that Norman has failed to demonstrate due diligence—although not because the accident occurred in Washington, D.C. instead of in Mississippi. We think it entirely unworkable to calibrate the required level of due diligence to the number of federal employees living in the region where the accident occurs. Suppose, for example, an accident occurs in Chicago, a federal regional center having far more federal employees than Mississippi but far fewer than Washington, D.C. Would the standard for due diligence

in Chicago fall somewhere between the Mississippi and Washington standards?  The question answers itself:  due diligence must have the same meaning everywhere.  Norman's claim for equitable tolling fails because at no time during the FTCA's two-year statute of limitations did he make any effort—diligent or otherwise—to identify Howe's employer.

## III.

Because Norman failed to exercise due diligence he was not entitled to equitable tolling, and without equitable tolling, reinstating his case would be "an empty exercise or a futile gesture," *Murray*, 52 F.3d at 355.  We affirm.

*So ordered.*