Bryce A. CROMARTIE, Appellant

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 11–7099.

United States Court of Appeals,
District of Columbia Circuit.

May 2, 2012.

Rehearing En Banc Denied
June 15, 2012.

Gregory L. Lattimer, Esquire, Law Offices of Gregory L. Lattimer, PLLC, Washington, DC, for Appellant.

Mary Larkin Wilson, Assistant, Todd Sunhwae Kim, Solicitor General, Donna M. Murasky, Esquire, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: SENTELLE, Chief Judge, HENDERSON, and BROWN, Circuit Judges.

## JUDGMENT

PER CURIAM.

This appeal from a judgment of the district court was considered on the record and the briefs filed by counsel. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has afforded full consideration to the issues presented and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** AND **ADJUDGED** that the judgment of the district court be affirmed.

Bryce Cromartie appeals the district court's grant of summary judgment to the District of Columbia. Cromartie was arrested for disorderly conduct and misdemeanor assault on a police officer, and later sued the District for false arrest, intentional infliction of emotional distress, assault, and violations of his civil rights. At a status conference on May 27, 2010, the district court ordered the District to file its motion for summary judgment by July 9 and ordered Cromartie to file an opposition by July 23. The District later moved for and was granted a one-business-day extension; Cromartie never moved for any extension and none was granted. The District timely filed its summary judgment motion but Cromartie's counsel never filed the requisite opposition. On August 6, the district court therefore deemed the District's motion conceded pursuant to Local Rule 7(b). The district court found that the facts, as identified by the District in its motion, satisfied the summary judgment standard and accordingly entered judgment for the District. Cromartie's counsel filed a motion to reconsider and a motion to alter or amend judgment, attempting to excuse his failure to respond by explaining that he had been busy with other litigation and had been away on a family vacation from July 27 until August 4. He also submitted an affidavit from his secretary in which she blamed a power outage for her failure to calendar the response. The district court denied these motions.

█ The district court properly treated the District's motion as conceded under Local Rule 7(b) once Cromartie's counsel failed to timely file any response. The attorney's efforts to justify his failure—blaming his calendaring assistant, a power outage, his own trial schedule, and his family vacation—are, like the excuses this Court encountered in *Fox v. American Airlines, Inc.,* "an updated version of the classic 'my dog ate my homework' line" and provide no relief from a lawyer's "obligat[ion] to monitor the court's docket." 389 F.3d 1291, 1294 (D.C.Cir.2004). Rejecting these excuses and enforcing the local rule was not an abuse of the court's discretion. *FDIC v. Bender,* 127 F.3d 58, 68 (D.C.Cir.1997) ("[T]he discretion to enforce this rule lies wholly with the district court."); *Twelve John Does v. Dist. of Columbia,* 117 F.3d 571, 577 (D.C.Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule.").

Thus, all that remains is to determine whether summary judgment was appropriate on the facts as stated in the District's motion. *Alexander v. FBI,* 691 F.Supp.2d 182, 193 (D.D.C.2010) ("[E]ven where a summary judgment motion is unopposed, it is only properly granted when the movant has met its burden."). We accept those facts as having been conceded by Cromartie due to his failure to respond. D.D.C. R. 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ("[T]he

motion may, and should, be granted so long as whatever is *before the district court* demonstrates that the standard for the entry of summary judgment ... is satisfied.") (emphasis added).

■ The conceded facts are these: when two police officers arrived on the scene in response to a report concerning individuals loitering and using drugs, Cromartie was belligerent, refused to obey instructions, and loudly cursed at the officers. This behavior provided the officers with probable cause for Cromartie's arrest. *E.g.*, D.C.Code § 22–405(b) (making it unlawful for a person to, among other things, "resist[ ], oppose[ ], impede[ ]" or "interfere[ ] with" "a law enforcement officer" engaged in official duties). The existence of probable cause defeats Cromartie's claims for false arrest and for intentional infliction of emotional distress as a matter of law. *Dellums v. Powell,* 566 F.2d 167, 175 (D.C.Cir.1977) ("The focal point of the action is the question whether the arresting officer was justified in ordering the arrest of the plaintiff; if so, the conduct of the arresting officer is privileged and the action fails."); *Kotsch v. Dist. of Columbia,* 924 A.2d 1040, 1046 (D.C.2007) ("As the officers had probable cause to arrest appellant, the arrest itself cannot form the basis for a claim of extreme or outrageous conduct."). Summary judgment was therefore proper on these claims.

■ As for Cromartie's remaining claims regarding the use of force, the conceded facts are that Cromartie was slammed to the ground, handcuffed, and forcibly kept on the ground by one or both officers. This was no more than the ordinary "degree of physical coercion" used by police officers to effectuate an arrest, especially in light of the fact that Cromartie's belligerence and disobedience suggested he might try to resist or escape. *Wasserman v. Rodacker,* 557 F.3d 635, 641 (D.C.Cir.2009). To be sure, Cromartie makes more of this alleged force in his brief, but once again, the district court was entitled pursuant to Local Rule 7(h) to assume the facts as set out by the District in its motion and, on those facts, to grant summary judgment. Cromartie cannot be permitted to dispute these facts for the first time before this Court after having failed to timely dispute any of them below.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc.* *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).