**Michael SMITH, Appellant,**

v.

**Gilbert F. CASELLAS, Chairman, Equal Employment Opportunity Commission, Appellee.**

**No. 97–5015.**

United States Court of Appeals, District of Columbia Circuit.

July 25, 1997.

Rehearing Denied Sept. 2, 1997.

---

**34**

Michael Smith, pro se.

Eric H. Holder, Jr., United States Attorney, Washington, DC, R. Craig Lawrence, Assistant United States Attorney, were on the motion for summary affirmance for appellee.

ON MOTION FOR SUMMARY
AFFIRMANCE

Before: WALD, WILLIAMS, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

Appellant Michael Smith filed suit against Gilbert Casellas in his official capacity as Chairman of the Equal Employment Opportunity Commission ("EEOC"), seeking $10.5 million in damages based on the EEOC's alleged negligence, fraud, and other impropriety in processing a discrimination charge Smith filed against his employer. The district court dismissed the complaint for failure to state a claim upon which relief can be granted, without further elaboration. We affirm the district court's dismissal of the complaint and do so in a published opinion in order to join our sister circuits in holding that Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge. *See Baba v. Japan Travel Bureau Int'l, Inc.,* 111 F.3d 2, 4 (2d Cir.1997); *Scheerer v. Rose State College,* 950 F.2d 661, 663 (10th Cir. 1991); *McCottrell v. EEOC,* 726 F.2d 350, 351–52 (7th Cir.1984); *Ward v. EEOC,* 719

F.2d 311, 312–14 (9th Cir.1983); *Francis–Sobel v. University of Maine,* 597 F.2d 15, 17–18 (1st Cir.1979); *Gibson v. Missouri Pac. R.R. Co.,* 579 F.2d 890, 891 (5th Cir. 1978).

As the other circuits have noted, the legislative history of the 1972 amendments to Title VII reveals that Congress intended the private right of action provided for in section 706(f)(1) of the Act (42 U.S.C. § 2000e–5(f)(1))—under which an aggrieved employee may bring a Title VII action directly against his or her employer—to serve as the remedy for any improper handling of a discrimination charge by the EEOC. *See, e.g., Stewart v. EEOC,* 611 F.2d 679, 681–82 (7th Cir.1979); *Ward v. EEOC,* 719 F.2d at 313–14; *Baba v. Japan,* 111 F.3d at 6. As aptly noted in *Ward v. EEOC,* "[to] imply[ ] a cause of action against the EEOC [would] contradict Title VII's policy of individual enforcement of equal employment opportunity laws and could dissipate the limited resources of the [EEOC] in fruitless litigation with charging parties." 719 F.2d at 313.

Because no cause of action against the EEOC exists for challenges to its processing of a claim, the district court properly dismissed Smith's complaint for failure to state a claim upon which relief can be granted. Accordingly, the judgment of the district court is

*Affirmed.*