**Constance E. HADDAD, Plaintiff–Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant–Appellee.**

No. 03–2357.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

Constance E. Haddad, Lansing, MI, for Plaintiff–Appellant.

Paula Bruner, Equal Employment Opportunity Commission, Washington, DC, for Defendant–Appellee.

Before KENNEDY and COOK, Circuit Judges; and HOOD, District Judge.*

### ORDER

Constance E. Haddad, a Michigan resident proceeding pro se, appeals the district court order dismissing her action filed against the Equal Employment Opportunity Commission (EEOC). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Haddad sued the EEOC in June 2003. She alleged that the EEOC violated federal regulations and committed the state law torts of negligence and intentional infliction of emotional distress when the agency failed to handle properly her charges of employment discrimination against her former employer, Michigan National Bank (the Bank). The Bank employed Haddad from 1972 to 1989. The EEOC moved to dismiss the case under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and Haddad moved for an "emergency financial injunction." The district court denied Haddad's request for an injunction and granted the EEOC's motion to dismiss. The court held that Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e–16, *et seq.*, did not authorize a cause of action against the EEOC for problems in either investigating or processing a discrimination claim. The court declined to exercise jurisdiction over Haddad's state law claims.

On appeal, Haddad argues that: (1) Congress did not intend for the EEOC to be exempt from liability under Title VII or the Equal Pay Act; (2) her complaint states a cause of action under Title VII, the Equal Pay Act, and/or other relevant laws or statutes; (3) the district court committed reversible error when it dismissed the case pursuant to Fed.R.Civ.P. 12(b)(6); (4) the district court committed reversible error when it dismissed the state law claims; and (5) the district court committed reversible error when it denied her injunctive relief.

We review de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir.1996). Upon review, we affirm the district court's decision for the reasons stated by the district court. According to the allegations in her complaint, Haddad contacted the EEOC concerning her employment with the Bank. The EEOC advised her, by letter and formal rulings, that she did not

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

have a discrimination claim. Haddad maintains that the EEOC violated its own regulations, failed to investigate her charges, and inflicted mental suffering upon her. "Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge." *McCottrell v. EEOC,* 726 F.2d 350, 351 (7th Cir.1984); *see also Smith v. Casellas,* 119 F.3d 33, 34 (D.C.Cir.1997). Because Haddad can prove no set of facts that would entitle her to relief, the district court properly dismissed her complaint. *See Sistrunk,* 99 F.3d at 197. For the same reason, the court did not err when it denied Haddad's motion for an emergency financial injunction.

We have considered Haddad's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.