**RECEIVED**

MAR **2 3** 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LAWRENCE WILDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. **09 0545** |
| | ) | |
| ACTING CHAIRMAN ISHIMARU, | ) | |
| United States Equal Employment | ) | |
| Opportunity Commission, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

It appears that plaintiff brings this action against the Acting Chair of the United States Equal Employment Opportunity Commission ("EEOC"), a District Director, and an EEOC official based at its Baltimore, Maryland office in their official capacities. Generally, plaintiff alleges that these officials failed to investigate his employment discrimination complaint and otherwise acted improperly in their handling of his case. The Court treats claims against federal government officials in their official capacities as if they were brought against the government agency itself. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

"Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge" *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam); *McCottrell v. Equal Employment Opportunity Comm'n*, 726 F.2d 350, 351 (7th Cir. 1984); *Ward*

*v. Equal Employment Opportunity Comm'n*, 719 F.2d 311, 313 (9th Cir. 1983), *cert. denied*, 466 U.S. 953 (1984); *see Svenson v. Thomas*, 607 F. Supp. 1004, 1006 (D.D.C. 1985) (concluding that the EEOC's Chairman was not amenable to suit under Title VII or the Age Discrimination in Employment Act because there is no cause of action against the EEOC arising from its investigation or processing of a charge). The Court will therefore dismiss the instant complaint for its failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). An Order accompanies this Memorandum Opinion.

United States District Judge

DATE: March 12, 2007