UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**THEODORE McGARY**,

        Plaintiff,

    v.

**CARRIE HESSLER-RADELET**, Director
of the Peace Corps, *et al.*,

        Defendants.

Civil Action No. 13-1267 (RDM)

## MEMORANDUM OPINION AND ORDER

Proceeding *pro se*, Plaintiff Theodor McGary brings this action against the Director of the Peace Corps, another Peace Corps employee (who served as one of Plaintiff's supervisors), and the former Chairwoman of the Equal Employment Opportunity Commission ("EEOC" or "Commission"). The case arises in an unusual posture. The EEOC has already concluded that the Peace Corps unlawfully retaliated against Plaintiff for complaining that he was the victim of racial discrimination, and it has granted him substantial relief—in excess of $400,000 for backpay and interest. Plaintiff, understandably, does not challenge the EEOC's liability determination. Rather, his principal claim is that the relief the Commission awarded failed to make him whole. This Court's authority, however, does not divide so neatly—a plaintiff may not challenge an EEOC damage determination without re-litigating the question of liability. *See Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005). As a result, Plaintiff's only options with respect to his principal claim are to accept the Commission's decision and, if necessary, seek the Court's assistance in enforcing that decision, or to reject that decision and start from scratch. *Id.* As Plaintiff explained at oral argument, it is his intention to follow the latter course. Before

Plaintiff can do so, however, he must clear a number of hurdles raised in Defendants' motion to dismiss. *See* Dkt. 14.

Defendants' motion to dismiss raises five defenses. The motion first argues that Plaintiff did not bring his claim within the six-year default statute of limitations for claims against the United States, 28 U.S.C. § 2101(a). Defendants now concede, however, that this argument is foreclosed by the D.C. Circuit's intervening decision in *Howard v. Pritzker*, 775 F.3d 430, 438 (D.C. Cir. 2015), and they have thus withdrawn the defense. Dkt. 21. Second, Defendants contend that Plaintiff failed to file suit within 90 days of when he received notice of the EEOC's final determination, as required by statute. As explained below, that defense turns on issues of fact and, accordingly, cannot be decided on a motion to dismiss. Third, Defendants maintain that Plaintiff cannot sue the EEOC for "alleged negligence or malfeasance in processing an employment discrimination claim." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam). At oral argument, however, Plaintiff clarified that he is not suing the EEOC on that ground, but rather arguing that the Commission violated his rights by retaliating against him for engaging in activity protected by the First Amendment. Because that claim is not adequately stated in the Complaint, the Court will grant Defendants' motion to dismiss the pending claim against the EEOC. To the extent Plaintiff wants to a constitutional claim, he may promptly file a motion for leave to amend. Fourth, Defendants argue that Plaintiff has failed to allege any cause of action against any individual member of the Peace Corps, as opposed to a claim against the Director, acting in her official capacity. Plaintiff also clarified at oral argument that he is not seeking to recover from anyone in their individual capacity, and thus the Court will also grant Defendants' motion to dismiss the claim against David Janssen and, to the extent it is alleged, any claim against the current or former Peace Corps Director acting in her or his personal

2

capacity. Finally, Defendants argue that Plaintiff must choose whether he is seeking to enforce the EEOC's order or challenging its determination. Because Plaintiff made clear at oral argument that he was seeking the latter, the Court will deny Defendants' request for clarification as moot.

## I.    BACKGROUND

For purposes of Defendants' motion to dismiss, the following allegations are taken as true. *See, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Plaintiff Theodore McGary was a Peace Corps employee when, in August 2000, he learned that two white coworkers had received step increases while he received only a $400 cash award. Compl. ¶ 1. He responded by contacting an Equal Employment Opportunity ("EEO") counselor and filing an EEO complaint alleging racial discrimination. *Id.* A week later, Plaintiff's supervisor issued a proposed reprimand, asserting that Plaintiff had made false charges and had created a hostile and intimidating work environment. *Id.* ¶ 2. In September 2000, the deciding official issued the reprimand, stating that he was "concerned that [Plaintiff] ha[d] raised charges of racism that are inflammatory and do not appear to be relevant." *Id.* The deciding official further explained that the reprimand, the proposed reprimand, and Plaintiff's response would all be placed in Plaintiff's official personnel file ("OPF") for one year. *Id.* Plaintiff responded by filing a second EEO complaint in October 2000, this time alleging that the reprimand was in retaliation for his racial-discrimination complaint. Compl. ¶ 3. A month later, the same supervisor who recommend Plaintiff's reprimand proposed that he be fired. *Id.* That recommendation was sustained in January 2001. *Id.* ¶ 4–5. Plaintiff was initially placed on leave without pay, but after his appeal to the Foreign Service Grievance Board was rejected, the Peace Corps fired Plaintiff on May 2, 2002. *Id.*

The procedural history that followed was long and complex, spanning more than a decade and including an administrative hearing and appeal, along with numerous motions for reconsideration and for enforcement. On multiple occasions along the way, Plaintiff contacted the office of Senator John Warner and asked for help moving the process along. Compl. ¶¶ 7, 20. He also requested similar assistance from the White House. *Id.* ¶ 26. The EEOC eventually found in Plaintiff's favor and directed that the Peace Corps expunge from its records any material related to Plaintiff's discharge, reinstate Plaintiff retroactive to the date on which he was terminated, pay his attorney's fees, and pay Plaintiff $15,000 in non-pecuniary damages. *Id.* ¶ 11. After the Peace Corps appealed, however, the Commission clarified or modified that order in certain respects. *Id.* ¶ 28. Among other things, in light of the Peace Corps's contention that it no longer possessed Plaintiff's employment records, the Commission rejected the contention that the Peace Corps was in "non-compliance" for failing to expunge them. *Id.* The EEOC also accepted the Peace Corps's argument that, absent unusual circumstances, employment with the Corps is limited to a period of five years, which precluded reinstatement and limited the amount of backpay due. *Id.* And, with respect to backpay, the Commission concluded that Plaintiff had not cooperated with the Peace Corps because he failed to provide evidence of his employment during the period following his termination, which would go to mitigation of damages. *Id.* The Commission did, however, provide Plaintiff with "one more opportunity to provide" the necessary information to the Peace Corps and cautioned that, if he failed to do so, he risked the loss of any right to receive backpay. *Id.* In response to Plaintiff's request for reconsideration, the Commission reaffirmed its decision and, once again, warned Plaintiff that a failure to provide information relating to his mitigation efforts could result in the denial of his claim for backpay. *Id.* ¶ 31.

On April 26, 2013, the EEOC issued its final determination, denying Plaintiff's request for further reconsideration. Dkt. 14-2. Among other things, that order directed that the Peace Corps submit a compliance report to the Commission within 30 days "of the completion of all ordered corrective action." *Id.* at 3. The final determination also informed Plaintiff of his right to bring a civil action in federal district court "within ninety (90) calendar days from the date that [he] receive[d] th[e] decision," explained that, if he decided to bring suit, he should name "the person who is the official Agency head or department head," and cautioned that "[f]ailure to do so may result in dismissal of [his] case in court." *Id.* at 4. One hundred and two days after the Commission issued its final decision, Plaintiff filed this action against the Director of the Peace Corps, David Jannsen (one of Plaintiff's former supervisors) and the Chairwoman of the EEOC. Dkt. 1. Although the complaint does not identify a specific cause of action, Plaintiff purports to "appeal" the EEOC's decision. *Id.* Among other relief, he seeks backpay, front pay, restoration of his Thrift Savings Plan account and matching contributions, expungement of his personnel file, and $2,000,000 for compensatory and punitive damages. *Id.* ¶ 42. If lieu of answering, Defendants filed the pending motion to dismiss. Dkt. 14.

Almost a year after this action was commenced, the Peace Corps filed the required compliance report with the Commission. Dkt. 14-3. According to that report, Plaintiff ultimately provided the documentation necessary to assess potential mitigation of any backpay award. *Id.* at 2. Based on that information, the Peace Corps calculated the net backpay that it believed Plaintiff was due under the EEOC's order. *Id.* Before various deductions for taxes and retirement contributions, that amount came to $411,470.33. *Id.* According to the Peace Corps, it paid this amount to Plaintiff, and he does not dispute that he received it. *Id.*

## II.     STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) challenges the Court's jurisdiction to hear the claim, and may raise a "facial" or "factual" challenge to the Court's jurisdiction. A facial challenge asks whether the plaintiff has pleaded facts sufficient to establish the court's jurisdiction, while a factual challenge asks the court to "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C. Cir. 1992). In other words, a facial challenge is confined to the four corners of the complaint, while a factual challenge permits the court to look beyond the complaint to satisfy itself that it has jurisdiction to hear the suit. Whether the motion to dismiss is facial or factual, the plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject-matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

A motion to dismiss for failure to state a claim under Rule 12(b)(6), in contrast, must accept the factual allegations of the complaint as true and may not rely on evidence or factual material beyond those allegations. A defendant can therefore prevail on a 12(b)(6) motion only by demonstrating that the facts, as alleged in the complaint, do not warrant relief as a matter of law. In reviewing a 12(b)(6) motion, a court need not accept *legal* conclusions as true. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). Rather, the question for the court is whether and the *factual* allegations "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.     DISCUSSION

**A.     The Six-Year Statute of Limitations in 28 U.S.C. § 2401(a)**

6

Defendants' first argument in their motion to dismiss, Dkt. 14, asserted that the six-year statute of limitations in 28 U.S.C. § 2401(a) barred Plaintiff from pursuing his claim. *See* Dkt. 14-1 at 5–6. While Defendants' motion was pending, however, the D.C. Circuit issued its decision in *Howard*, 775 F.3d at 436, which held that § 2401(a) is inapplicable to Title VII. The government promptly informed the Court of this intervening authority and withdrew that basis for its motion to dismiss. Dkt. 21. The Court, therefore, need not address Defendants' first contention.

**B.      The 90-day Statute of Limitations in 42 U.S.C. § 2000e-16(c)**

Defendants, however, continue to press an alternative timeliness objection to Plaintiff's suit. In particular, Title VII permits an aggrieved federal employee or applicant for federal employment to sue his employer, but only "[w]ithin 90 days of receipt of notice of final agency action taken by [the] . . . [federal] agency . . . or by the [EEOC] upon an appeal from a decision or order of such . . . agency . . . on a complaint of discrimination based on race, color, religion, sex or national origin." 42 U.S.C. § 2000e-16(c). Here, there is no question that the EEOC issued its final decision on April 26, 2013, *see* Dkt. 14-2, and that Plaintiff filed his complaint with this Court on August 6, 2013, *see* Dkt. 1. That represents a gap of 102 days between issuance of the final decision and initiation of Plaintiff's lawsuit. Defendants recognize, however, that the statutory clock runs from "receipt of notice" of the EEOC's decision and not from the date of issuance. Defendants posit that there is a presumption that a complainant will receive notice within three to five days from issuance, and that, even with credit for an additional five days, Plaintiff's lawsuit was still untimely. Dkt. 14-1 at 7.

The first question the Court must consider is whether Title VII's 90-day statute of limitations imposes a jurisdictional barrier to suit or, rather, establishes an affirmative defense.

7

This matters for two reasons. First, as explained above, to the extent Defendants' motion challenges the Court's jurisdiction under Rule 12(b)(1), the Court may consider evidence outside the pleadings. *See Herbert*, 974 F.2d at 197. Second, although not without exception, the plaintiff typically bears the burden of proving that the Court has jurisdiction over the matter, *see Lujan*, 504 U.S. at 561, while the defendant bears the burden of proof on most affirmative defenses, *see, e.g.*, *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

Absent explicit language from Congress stating otherwise, a statute of limitations defense is not jurisdictional. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). In the context of suits against the government, however, application of this rule is complicated by the fact that statutes of limitation arguably operate as a condition on the waiver of sovereign immunity. That concern is not present here, however, because the Supreme Court concluded in *Irwin v. Department of Veterans Affairs* that the Title VII timely filing requirement is subject to equitable tolling, even in suits against the government. 498 U.S. 89, 95 (1990). As the D.C. Circuit has since explained, *Irwin* thus stands for the proposition that "federal statutes of limitations are not jurisdictional." *Norman v. United States*, 467 F.3d 773, 775 (D.C. Cir. 2006). That conclusion indisputably applies to § 2000e-16(c), which was the specific statute of limitations at issue in *Irwin*. *See* 498 U.S. at 92; *see also Ruiz v. Vilsack*, 763 F. Supp. 2d 168, 170 (D.D.C. 2011) (holding that 42 U.S.C. § 2000e-16(c) is non-jurisdictional); *Williams v. Chu*, 641 F. Supp. 2d 31, 34 (D.D.C. 2009) (same).

As a result, Defendants' motion is not properly brought under Rule 12(b)(1), and thus may proceed, if at all, under Rule 12(b)(6). *See Jones v. Rogers Mem. Hosp.*, 442 F.2d 773, 775 (D.C. Cir. 1971) (per curiam). It follows, moreover, that Defendants may rely only the factual allegations contained in the complaint, which must be accepted as true, and any materials

8

incorporated in the complaint by reference. *See EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice."). The complaint alleges that the EEOC's final decision was issued on April 26, 2013, and that the action was commenced within 90 days of Plaintiff's "receipt" of that decision. Dkt. 1 at 1. It says nothing, however, about when, where, and how Plaintiff "received" the decision.

Against this background, the Court concludes that it cannot properly address the merits of Defendants' statute of limitations defense at the motion to dismiss stage. As all parties concede, the 90-day period did not begin to run from the date the EEOC issued its decision; if it did, Plaintiff's complaint would be untimely, because 102 days passed from the date the final decision was issued (April 26, 2013) to the date the complaint was filed (August 6, 2013). Under the statute, what matters is when the decision was received. On that question, the existing record is both limited and silent.

Despite this factual void, Defendants nonetheless argue that the merits of their statute of limitations defense can be resolves as a matter of law, based on the "presumption that Plaintiff received the EEOC [final decision] three or five days after the EEOC issued it." Dkt. 14-1 at 7. In support of this contention, they point to two decisions from this Court. In the first, *Brewer v. District of Columbia*, 891 F. Supp. 2d 126, 132 (D.D.C. 2012), the Court recognized a form of the presumption Defendants proffer, but held merely that "[a]bsent evidence indicating otherwise," courts presume that the EEOC decision was mailed on the day it issued, and that "[i]f the delivery date is unknown," courts presume that the decision "was received 3 to 5 days after being mailed." *Id.* That decision, however, arose at the summary judgment stage. Here, in

9

contrast, Defendants seek to rely on the presumption before Plaintiff has had the opportunity to discover and present evidence that might show that "the delivery date is" in fact known. The second case, *Ruiz*, 763 F. Supp. 2d at 171, comes closer to supporting Defendants' position. It differs from the present case, however, in two important respects. First, even providing the plaintiff with the benefit of equitable tolling while his *in forma pauperis* application was pending, the *Ruiz* court concluded that the plaintiff was 131 days late in filing his complaint. *Id.* at 173. Thus, under any scenario, it would have been entirely implausible that the plaintiff actually filed suit within 90 days of receipt of the right-to-sue letter. Second, in the present case, Plaintiff has represented that he was living in Japan at the time the EEOC issued its final decision, *see* Dkt. 16 at 29, and it is not difficult to conceive that it took at least an additional seven days for the forwarded decision to reach him there. In any event, Defendants do not point to any authority recognizing a presumed period of time necessary for overseas delivery.

Defendants also rely on a footnote in the Supreme Court's *per curiam* decision in *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984) (per curiam). That footnote, however, merely noted that "[t]he presumed date of receipt of the notice" was three days after it was mailed. It did so without analysis and, more importantly, without consequence in the case, which addressed a different issue and which also noted that the plaintiff did not file a complaint compliant with Rule 8 until "the 130th day after receipt of the right-to-sue letter." *Id.* at 148. *See also Smith-Haynie v. District of Columbia*, 155 F.3d 575, 578 n.3 (D.C. Cir. 1998) (dicta). What Defendants fail to grasp is that the "presumption" applied in *Baldwin*, like that applied in *Brewer* and *Ruiz*, makes sense in the typical case, where several months after the relevant events a plaintiff may not remember when he or she received an EEOC notice in the mail. In such a case, it is reasonable to presume that a recipient residing in the United States

10

received the notice within three to five days of when it was sent. But the same does not apply where the plaintiff was residing overseas and filed suit only a few days beyond the presumed filing date. More importantly, there is nothing in any of the cases cited by Defendants that would deny a plaintiff, like McGary, an opportunity to attempt to rebut the "presumption." Indeed, absent such an opportunity, there would be no difference between the 3-to-5 day mailing rule that Defendants propose and, in effect, revising the statute to provide an absolute 95 days from issuance (or mailing) of the decision, without regard to when "receipt of notice of final action," 42 U.S.C. § 2000e-16(c), actually occurred.

Defendants also argue that Plaintiff's Japanese residence is irrelevant because the statute began to run when the EEOC notice arrived (or presumptively arrived) at his address in Fredericksburg, VA. In support of this, Defendants rely on an EEOC regulation that provides: "The person claiming to be aggrieved has the responsibility to provide the [EEOC] with notice of any change in address and with notice of any prolonged absence from that current address so that he or she can be located when necessary during the Commission's consideration of the charge." 29 C.F.R. § 1601.7(b). Defendants assert that Plaintiff did not update his address with the EEOC, and so the 90-day window opened when the notice arrived at his address on file. But even assuming for present purposes that this regulation carried with it the consequences that Defendants posit, Defendants' argument turns on facts that are not properly before the Court at this stage of the proceeding. Most notably, neither the complaint nor any incorporated material show what address was on file with the EEOC, whether Plaintiff updated his address, or whether the EEOC was aware of Plaintiff's actual whereabouts. These questions, moreover, are not merely hypothetical. As Plaintiff notes, the EEOC apparently sent a copy of a compliance letter to Plaintiff at his address in Japan just eight months before it sent its final decision to his

11

Fredericksburg address. *See* Dkt. 19 at 22. The Court does not express a view on the ultimate merits of this dispute, but merely concludes that it raises factual issues not suitable for resolution on a motion to dismiss.

Finally, relying on *Snead v. Mosbacher*, No. 89-2508, 1991 WL 7166 (D.D.C. Jan. 9, 1991), *aff'd*, 953 F.2d 688 (D.C. Cir. 1992) (per curiam), Defendants argue that Plaintiff cannot toll the statute of limitations after failing to update his address. That argument, however, is premature. At this early stage in the litigation, Defendants must first carry their burden of showing that Plaintiff failed to file in a timely manner. Only at that point does the burden shift to Plaintiff to show that the statute of limitations was equitably tolled. *See Gupta v. Northrop Grumman Corp.*, 462 F. Supp. 2d 56, 59 (D.D.C. 2006). Plaintiff is not properly put to this burden, however, on a motion to dismiss under Rule 12(b)(6).

For these reasons, the Court concludes that further factual development and briefing is necessary before it can determine whether the Plaintiff's claim is barred by the 90-day statute of limitations in 42 U.S.C. § 2000e-16(c). Defendants' motion to dismiss the complaint as untimely is, therefore, denied.

## C.     Plaintiff's Claim Against the EEOC and Its Chair

Plaintiff named the former EEOC Chairwoman, the late Jacqueline Berrien, among the Defendants in his complaint. Dkt. 1 at 1. As Defendants correctly argue, however, "Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge." *Smith*, 119 F.3d at 34. Plaintiff does not dispute this rule and explained at oral argument that he is not suing the EEOC or its chair under this theory. Instead, he asserted that his claim is premised on the EEOC's alleged retaliation against him for bringing his complaints

12

of administrative delay and other concerns to the attention of Senator Warner and the White House. According to Plaintiff, this alleged retaliation violated his constitutional rights, including his right to equal protection and his rights under the First Amendment.

That, however, is not a claim that Plaintiff has brought. His complaint contains no allegation of any constitutional deprivation, and it fails to allege any claim premised on the Constitution. For the reasons given by Defendants, and because Plaintiff does not contend that he is entitled to sue the EEOC under Title VII for how it handled his discrimination charge, the Court will grant Defendants' motion to dismiss the claims against the EEOC and its chairwoman. To the extent Plaintiff seeks to bring a constitutional claim against the Commission or others based on his contacts with Senator Warner and the White House, he may promptly seek leave to amend his complaint to do so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).

**D.      Plaintiff's Claim Against Individual Peace Corps Employees**

Also among the Defendants named in Plaintiff's complaint were both Aaron S. Williams, the director of the Peace Corps, and David Janssen, the director of the human rights office at the Peace Corps at the time Plaintiff brought his suit. Dkt. 1 at 1. Title VII, however, provides that in a suit by an aggrieved employee seeking review of an EEOC decision, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). At oral argument, Plaintiff did not object to the Court narrowing the Defendants so that only the Director of the Peace Corps *acting in her official capacity* remains the appropriate Defendant— at least pending any motion for leave to amend the complaint to add additional claims or parties. The Court will, accordingly, dismiss Janssen as a Defendant, substitute the Peace Corps's current

13

director, Carrie Hessler-Radelet, for Aaron S. Williams, and dismiss any aspect of the current complaint that seeks to recover against an individual plaintiff in his or her personal capacity.

### E.    Plaintiff Seeks Review of the EEOC's Decision

Finally, Defendants ask the Court to dismiss Plaintiff's complaint because he appears to seek simultaneous enforcement of the EEOC's administrative decision and review of the merits of that decision. Dkt. 14-1 at 10–11. The government is correct that Plaintiff must choose his path and cannot seek both enforcement and review of the decision below. *Scott*, 409 F.3d at 469. At oral argument, Plaintiff stated repeatedly and emphatically that he was seeking review of the EEOC's decision. As the Court has explained, that course requires that Plaintiff, in essence, start from scratch and prove both liability and damages. Although pursuing that approach presents certain risks to Plaintiff, it is his choice to make. Because he has clarified on the record that he intends to pursue this course, there is no basis to require that he revise his complaint to clarify this point. The Defendants' request for clarification is, accordingly, denied as moot.

## IV.    CONCLUSION

For the reasons discussed above, the government's motion to dismiss under Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6) is **GRANTED IN PART** and **DENIED IN PART**.

**SO ORDERED**.


/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge


Date:  February 25, 2016

14