# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **STEPHEN E. MCMILLAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-cv-2041 (TSC) |
| | ) | |
| **U.S. EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Stephen E. McMillan brings this action against the Equal Employment Opportunity Commission (EEOC). In its entirety, his Complaint reads:

> In an attempt to resolve a matter, at the earliest possible level of jurisprudence, stemming from which the United States District Court discovery apparatus and the United States Department of Justice investigative services reveal empirical evidence of a chain of malfeasance originating from WMATA General Counsel's Office, through to the Field Office(s) of the Equal Employment Opportunity Commission and ending with the United States District Court (relative to this case).
>
> The plaintiff demands that this case be heard by a jury of his peers.
>
> The plaintiff demands redress pursuant to FRCP 54c.

Comp. p. 1. McMillan attached to his Complaint correspondence that appears to show he disagrees with EEOC's handling of his discrimination claim against WMATA.[1]

---

[1] McMillan unsuccessfully prosecuted his discrimination claim against WMATA in this court and the United States Court of Appeals later dismissed his appeal for lack of prosecution. *See McMillan v. WMATA*, 10-cv-1867 (D.D.C.); No. 12-7117 (D.C. Cir.).

"The Court is mindful that a *pro se* litigant's complaint is held to a less stringent standard than formal pleadings drafted by lawyers." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) (citing *Redwood v. Council of the Dist. of Columbia,* 679 F.2d 931 (D.C. Cir. 1982); *Haines v. Kerner,* 404 U.S. 519 (1972)). However, this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell*, 656 F. Supp. at 239. Rule 8(a) of the Federal Rules of Civil Procedure requires that complaints contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In other words, Rule 8(a) requires that the plaintiff "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (holding that the complaint must contain enough "factual matter" to suggest liability) (citation and alteration omitted). A plaintiff must assert enough facts to give the defendant "fair notice of the claim being asserted so as to permit the [defendant] the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (citation omitted).

Plaintiff's Complaint does not meet the Rule 8 pleading standard. His factual allegations are undecipherable—as is the legal theory ostensibly providing the basis for the Complaint. Thus, he has not given the EEOC "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and alteration omitted).

More importantly, "no cause of action against the EEOC exists for challenges to its processing of a claim." *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (*per curiam*).

Rather, "Congress intended the private right of action . . . under which an aggrieved employee may bring a Title VII action directly against his or her employer [] to serve as the remedy for any improper handling of a discrimination charge by the EEOC." *Id*. (citing 42 U.S.C. § 2000e-5(f)(1)). Therefore, the court will dismiss McMillan's claims by separate order.

Date: August 29, 2019

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge