**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2002
_____

DAIJON MCCALL,
                                        Appellant

v.

DEBORAH KANE, Director; JUANITA BARBER, Investigator; MARLEA J.
APPLEGATE, Supervisor; GREGORY NANNEY, Supervisor; EEOC, Pittsburgh
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2:20-cv-00287)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 20, 2021

Before: CHAGARES, Chief Judge, PHIPPS and COWEN, Circuit Judges

(Opinion filed January 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Daijon McCall appeals from the District Court's dismissal of his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

claims after screening his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, we will affirm the District Court's judgment.

In February 2020, McCall filed a complaint in the District Court alleging that the Equal Employment Opportunity Commission ("EEOC") and several of its employees mishandled a charge he filed against his former employer. McCall sought punitive damages. After granting McCall's application to proceed IFP, the District Court screened his complaint and dismissed it after adopting a Magistrate Judge's report and recommendation. The District Court determined that amendment would be futile. McCall timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We construe McCall's allegations liberally and exercise plenary review over the District Court's order dismissing McCall's complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

McCall alleged that he was wrongly fired and that his employer lied to the EEOC and covered up evidence. He also complained that an EEOC investigator sought to conduct mediation electronically rather than in person and that the EEOC permitted his employer to take more than a year to respond to his complaint after he requested in-person mediation.

The District Court correctly determined that McCall cannot state a cause of action against the EEOC based on how his complaint was handled. See Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or

2

other malfeasance in processing an employment discrimination charge."). McCall made no specific allegations of wrongdoing against the individually named defendants and did not identify any law under which he sought to proceed with claims against them. McCall's appellate brief merely restates the vague allegations in his complaint and does not address these issues. His remedy for his alleged mistreatment by his employer is in a lawsuit against his employer. See Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000). Under these circumstances, the District Court did not abuse its discretion in concluding that it would be futile to grant McCall leave to amend his complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the District Court's judgment.