# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 24-5103**

**September Term, 2024**

FILED ON: APRIL 16, 2025

TINA NEVILLE, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED AND RACHEL E. BENNET, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,

        APPELLANTS

v.

ANDREA R. LUCAS, IN HER OFFICIAL CAPACITY AS ACTING CHAIR OF THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-03246)

---

Before: RAO and CHILDS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The panel has afforded these issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the decision of the United States District Court for the District of Columbia be **AFFIRMED**.

Appellants were dual-status technicians with the National Guard who obtained money judgments from the U.S. Equal Employment Opportunity Commission ("EEOC") on their sex discrimination complaints. They seek enforcement of the judgments and contend that the district court erred in ruling that the EEOC has no statutory duty to enforce its decisions or to refer their cases to the Attorney General or the Office of Special Counsel, and that it had no jurisdiction to issue a writ of mandamus.

The Supreme Court has described dual-status technicians as "rare bird[s]" who are engaged in civilian employment and "required as a condition of that employment to maintain membership in the [National Guard]." *Babcock v. Kijakazi*, 595 U.S. 77, 80 (2022) (alteration in original)

(quoting 10 U.S.C. § 10216(a)(1)(B)). The EEOC found that unlawful discrimination occurred when appellants were working in their civilian capacity, while the National Guard argued the EEOC lacked jurisdiction because the personnel actions were military in nature. The Court of Appeals for the Fifth Circuit affirmed the dismissal of appellant Neville's petition for a writ of mandamus against the EEOC, Department of Defense, Air Force, and National Guard on the grounds that the EEOC did not have a non-discretionary duty to obtain agency compliance and the *Feres* doctrine barred claims against the other defendants. *Neville v. Lipnic*, 778 F. App'x 280, 282, 285–88 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2641 (2020). Appellant Bennett also had not received the remedy ordered by the EEOC at the time the district court issued its memorandum opinion and order in the instant case.

Still seeking recourse, appellants filed a class action on the grounds that the EEOC's failure to refer their cases violated the Administrative Procedure Act ("APA"), its failure to obtain enforcement violated the APA and Title VII of the Civil Rights Act, and that the court should grant a writ of mandamus under the Mandamus Act or the All Writs Act. The district court granted the EEOC's motion to dismiss the APA claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and to dismiss the other statutory claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Neville v. Burrows*, No. 22-3246, 2024 WL 578986, at *5, *7–12 (D.D.C. Feb. 13, 2024). Appellants appeal, and this court's review is *de novo*. *Gross v. United States*, 771 F.3d 10, 12 (D.C. Cir. 2014); *Stewart v. Nat'l Educ. Ass'n*, 471 F.3d 169, 173 (D.C. Cir. 2006).

## I.

Appellants contend that the district court erred as a matter of law in dismissing their APA claims for failure to state a claim because Section 706(f)(1) of Title VII, codified at 42 U.S.C. § 2000e-5(f)(1), requires the EEOC to refer federal employee cases to the Attorney General, and the failure to do so is "agency action unlawfully withheld," 5 U.S.C. § 706(1), and arbitrary and capricious, *id.* § 706(2)(A). They maintain the reference in § 2000e-5(f)(1) to "government, governmental agency, or political subdivision" includes the federal government in addition to state and local governments. The EEOC responds the reference is confined to state and local governments as indicated by the bifurcated enforcement procedures for federal and non-federal employees under Title VII and Supreme Court precedent.

Section 2000e-5(f)(1) provides in relevant part:

> In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.

This provision was enacted as part of the Equal Employment Opportunity Act of 1972, Pub. L.

No. 92-261, 86 Stat. 103, which made Title VII applicable to state and local governments. Amendments were made to cover state and local employees, as in § 2000e-5(f)(1), and § 2000e-16 was adopted as "the exclusive judicial remedy for claims of discrimination in federal employment," *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). The legislative history states that § 2000e-5(f)(1) would allow the Attorney General to bring actions "against a state or local government agency." Joint Explanatory Statement, S. REP. No. 92-681, at 17 (1972), reprinted in *Legislative History of the Equal Employment Opportunity Act of 1972*, 92d Cong., 2d Sess. at 1815.

Section 2000e-16, which governs federal government employees, provides in relevant part: "The provisions of section 2000e-5(f) through (k) of this title, *as applicable*, shall govern civil actions brought hereunder[.]" 42 U.S.C. § 2000e-16(d) (emphasis added). The Supreme Court concluded the most natural reading of "as applicable" meant that certain provisions "have no possible relevance to judicial proceedings involving federal employees," observing that "[s]everal of these procedures could not possibly apply to civil actions involving federal employees." *Chandler v. Roudebush*, 425 U.S. 840, 846 (1976). Section 2000e-5(f)(1), for instance, allowing suits and permissive intervention by the EEOC and the Attorney General of the United States "could have no possible application to 'civil actions' under [§ 2000e-16(c)], because the individual federal employee or job applicant is the only party who can institute and maintain a 'civil action' under that subsection." *Id.* at 847.

Appellants characterize as *dictum* the Supreme Court's statement that § 2000e-5(f)(1) provides "the Attorney General of the United States may bring a civil action for employment discrimination against a state government, agency, or political subdivision." *Id.* at 846–47; *see* Appellants' Br. 14. This overlooks that the statement is "a necessary antecedent" to the Court's holding and regardless, that "carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative." *In re Grand Jury Investigation*, 916 F.3d 1047, 1053 (D.C. Cir. 2019).

In view of the statutory bifurcation, the legislative history, and the Supreme Court precedent confirming that § 2000e-5(f)(1)'s reference to "a government, governmental agency, or political subdivision" is specific to state and local government and excludes the federal government, appellants fail to show that the EEOC's non-referral of their cases to the Attorney General violates the APA as agency action unlawfully withheld. Neither do they show that the EEOC's inaction is arbitrary and capricious because it has referred cases for enforcement, where the example on which they rely involved an EEOC enforcement action against a state entity, not a federal entity. Appellants' Br. 20 (citing *EEOC v. Bd. of Regents of the Univ. of Wis. Sys.*, 288 F.3d 296 (7th Cir. 2002)).

Appellants' other arguments are forfeited. *See* Appellee's Br. 27. For the first time on appeal, appellants argue that it would be "incongruous with th[e] expansion of rights to interpret the mandatory requirements of § 2000e-5(f)(1) as excluding federal employees from the enforcement mechanism of referral to the Attorney General," Appellants' Br. 14, and that their view is more aligned with Title VII's purposes, *id.* at 15. In a footnote they argue the Attorney

General could treat them as state employees in pursuing their complaints against the National Guard. *Id.* at 16 n.3. The court need not consider these arguments because appellants offer no explanation for not raising them in the district court. *Earle v. District of Columbia*, 707 F.3d 299, 308 (D.C. Cir. 2012). Appellants' arguments in their Reply Br. 6–7 based on the EEOC regulations are forfeited for not being made in their opening brief without explanation for their failure to do so. *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 834–35 (D.C. Cir. 2001). Although appellants initially argued 29 C.F.R. § 1614.503(g) required the EEOC to refer federal cases to the Department of Justice, Appellants' Br. 14, they acknowledge this argument "was in error," Appellants' Reply Br. 1–2.

## II.

Appellants' remaining claims of statutory error fare no better. Eligibility for relief under the Mandamus Act, 28 U.S.C. § 1361, requires a petitioner for a writ to show "a clear right to relief," that the respondent agency has "a clear duty to act," and that a petitioner has "no other adequate remedy available." *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005). Appellants fail even to make a showing that the EEOC has "a clear duty," i.e., a non-discretionary duty, to act to enforce its orders.

Furthermore, the court lacks jurisdiction to issue a writ of mandamus pursuant to the All Writs Act. The All Writs Act authorizes a court to "issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[]." 28 U.S.C. § 1651(a). When an agency unlawfully withholds action the court would have jurisdiction to review, the All Writs Act "empowers us to issue a writ compelling the agency to complete the action so we can exercise our jurisdiction to review it." *In re Nat'l Nurses United*, 47 F.4th 746, 752 (D.C. Cir. 2022). But if the court lacks jurisdiction to review the agency action, "it cannot bootstrap jurisdiction via the All Writs Act." *Id.* Here, appellants seek to compel the EEOC to make a referral to the Attorney General. Because that action is not judicially reviewable, the court lacks jurisdiction to compel it pursuant to the All Writs Act.

Title VII, as appellants acknowledge, does not create a private right of action against the EEOC. Appellants' Br. 21 (citing *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997)). With regard to other remedies appellants might have, *see Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005), they acknowledge that their current lawsuit seeks only to compel the EEOC to refer their cases to the Attorney General or the Office of Special Counsel, Appellants' Br. 4. In identifying the issues before this court, appellants include "[c]harg[ing] the EEOC with failing to promote Title VII's statutory purpose by leaving Plaintiffs without relief." *Id.* at 7 (Issue #3). Appellants view the EEOC's failure to refer their cases to violate specific duties of the EEOC created by Title VII, *id.* at 22, and that this court therefore should require the referrals to be made, *id.* at 22–23 (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004)). "Federal courts are courts of limited jurisdiction," that "possess only that power authorized by [the] Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see United States v. Philip Morris USA Inc.*, 396 F.3d 1190, 1197 (D.C. Cir. 2005). Appellants fail to show that this court has such comprehensive jurisdiction

to compel agency action they seek and their policy arguments are properly for Congress.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk