# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

DENYS NAMYSTIUK,                    )
                                   )
    Plaintiff,                     )
                                   )
       v.                         )     Civil Action No. 1:25-cv-04069 (UNA)
                                   )
UNITED STATES DEPARTMENT            )
OF STATE,                          )
                                   )
    Defendant.                     )
                                   )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Ukraine, sues the U.S. Department of State. *See* Compl. at 1–2. The Complaint is vague, abrupt, and difficult to discern. At its most cogent, Plaintiff contends that, on April 21, 2025, he submitted a discrimination charge to the State Department's Director of Office of Civil Rights ("OCR") by email to socr_direct@state.gov, but he has received no response to date. *See id*. at 4. He demands damages under federal and Ukrainian law, due to the alleged "infliction" of "losses and suffering" caused by the "inaction" of the Defendant and of "officials of the U.S. Embassy in Ukraine." *See id*.

Plaintiff has failed to state a claim. To sufficiently state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Relevant here, Federal Rule 12(b)(6) authorizes dismissal of claims without any legal basis, "without regard to whether [the claims are] based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (per curiam) (authorizing *sua sponte* dismissal for failure to state a claim). Furthermore, The IFP statute requires dismissal of a case "at any time" the Court determines that a complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Here, even in affording Plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994), his Complaint fails to state an actionable claim. The State Department's OCR oversees "internal civil rights programs and policies," assessing charges of discrimination and harassment waged by Department employees. *See Coulibaly v. Pompeo*, 318 F. Supp. 3d 176 (D.D.C. 2018); *see also* 29 CFR § 1614.101 *et seq*.; Office of Civil Rights and Ombudsman, "Our Mission," https://www.state.gov/bureaus-offices/secretary-of-state/office-of-civil-rights-and-ombudsman/ (last visited Mar. 11, 2026).[1] Plaintiff does not allege that he is currently, or was previously, a State Department employee. Therefore, Plaintiff has failed to establish any duty that Defendant owes him to respond to his email or charge, and he has not provided a legal basis under which he may sue the federal government. *See Lamb v. Mill. Chall. Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017).

---

[1] The Court may take judicial notice of information from official public websites of government agencies. *See Cannon v. Dist. of Columbia*, 717 F.3d 200, 205 n.2 (D.C. Cir. 2013).

To that same end, Plaintiff has also failed to establish standing, which "is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *see Sattler v. Dep't of Justice*, No. 20-cv-00867, 2020 WL 3064422, at *1 (D.D.C. Jun. 8, 2020) (dismissing case for lack of standing where the plaintiff alleged no facts from which it may be found or reasonably inferred that he was a person aggrieved by an unlawful employment practice caused by the federal government) (quoting *Employment Council of Greater Washington, Inc. v. BMC Mktg. Corp.*, 28 F.3d 1268, 1278 (D.C. Cir. 1994)), *aff'd*, 849 Fed. Appx. 1 (D.C. Cir. May 25, 2021) (per curiam); *see also* Fed. R. Civ. P. 12(h)(3) (mandating dismissal for lack of subject matter jurisdiction at any time).

Finally, even if Plaintiff could overcome these hurdles, Congress has not authorized, either expressly or impliedly, a cause of action against the State Department's OCR for alleged negligence or other malfeasance in processing an employment discrimination charge." *Coulibaly*, 318 F. Supp. 3d at 183–84 (quoting *Smith v. Casellas*, 119 F.3d 33, 34 (D.C. Cir. 1997) (per curiam)) (citations omitted).

Accordingly, this matter is dismissed without prejudice. Plaintiff's Motion for CM/ECF Password, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: March 12, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge